# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| KEISHA REED, | : |
| | : |
| Plaintiff, | : Case No. _____ |
| | : |
| v. | : |
| | : |
| GENERAL MILLS OPERATIONS, LLC, | : |
| | : |
| Defendant. | : |

## COMPLAINT

Plaintiff is a putative class member and unnamed plaintiff in separate class action litigation pending in this Court, Case No. 1:24-cv-02409-MLB-JKK. To preserve all rights related to her race discrimination claims, Plaintiff files this Complaint.

## JURISDICTION AND VENUE

1.

Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1343(4), which confers original jurisdiction upon this Court in a civil action to recover damages or to secure equitable or other relief under any Act of Congress providing for the protections of civil rights, and pursuant to 28 U.S.C. § 1331, which confers original

jurisdiction upon this Court in a civil action arising under the Constitution or laws of the United States.

2.

Plaintiff asserts claims under Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981 *et seq.* ("§ 1981"), and Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000e *et seq.* ("Title VII").

3.

Pursuant to 28 U.S.C. § 1391(b), § 1391(c), and N.D. Ga. L.R. 3.1, the Atlanta Division of this Court is the proper venue for Plaintiff's claims because Defendant is subject to this Court's personal jurisdiction, 28 U.S.C. § 1391(c)(2), and a substantial part of the events or omissions giving rise to the claim occurred within the Atlanta Division of this Court. *See also* N.D. Ga. L.R. 3.1(B)(1)(a) and 3.1(B)(3).

## **PARTIES**

4.

Plaintiff is a Black female and a former employee of Defendant who worked at General Mills' manufacturing facility in Covington, Georgia, until she was terminated on or about May 13, 2024.

5.

Plaintiff is a citizen of the United States and resident of the State of Georgia; she submits herself to the jurisdiction of this Court.

6.

General Mills Operations, LLC ("Defendant" or "General Mills"), is a Delaware limited liability company with its principal place of business in Minneapolis, Minnesota, and was properly served by personal service of process upon its registered agent, National Registered Agents, Inc., 289 S. Culver Street, Lawrenceville, Georgia 30046.

## STATEMENT OF FACTS

7.

Plaintiff worked as Technician at East Plant starting February 2023.

8.

When Plaintiff once noticed that one of the manufacturing systems had "master" and "slave" drives, Wade (whose last name Plaintiff cannot recall) said, "You people understand it."

9.

Plaintiff's new direct supervisor, Robbie Bell, refused to train her because she is a black female. Unlike white employees, Plaintiff had to beg for training.

10.

Around April 18 or 19, 2024, Plaintiff complained to Jillian Kemper that she was not being trained and that she felt like she was being treated unfairly.

11.

Kemper arranged a meeting with Plaintiff's direct supervisor, Robbie Bell, and Dan Lasoto in HR.  Plaintiff explained that her supervisor and teammates would go on break without telling her, leaving her in a dangerous situation of operating a system by herself without proper training.  Bell and Lasoto said that this is how things have always been done.  Plaintiff noted that Isiah Daniels was given training as a priority, but she was not.

12.

Even though Plaintiff was with the company over a year, she was not given her own toolbox or even a basic set of wrenches.  Although she was given a list of things to know in her area, it was not until the last few months of her employment that anyone started signing off on her paperwork so she could get promoted to the next level of technician.

13.

After she shared how she believed she was being treated differently than other employees, Dan Lasoto replied, "Did you not sit where Robbie told you to

4

sit during the parking lot party?" Lasoto then became so aggressive with his tone that Plaintiff teared up. Plaintiff was told that they would have another meeting in 30 days.

14.

Before the next meeting, Plaintiff requested that a particular temp employee be moved because of escalating tensions after Plaintiff reported her to Bell for walking off the line. HR refused to intervene. The temp followed Plaintiff into the bathroom where there are no cameras, alleged Plaintiff threatened her, and, without any witnesses, HR terminated Plaintiff.

15.

The situation with the temp employee would have been handled differently if Plaintiff were white.

16.

HR's refusal to help Plaintiff avoid the situation with the temp employee was in retaliation for her complaints about training and unfair treatment.

## COUNT ONE

Title VII:  Disparate Treatment/Discrimination

17.

Plaintiff repeats and realleges each and every allegation above as it set forth herein in full.

18.

Plaintiff is a member of a class protected by Title VII.

19.

Defendant is a covered employer under Title VII.

20.

Plaintiff was qualified for the job that she was performing at the time she was terminated.

21.

Plaintiff suffered adverse employment actions despite being qualified for his position.

22.

Plaintiff was treated less favorably than similarly situated employees outside of her protected class, including white employees who were transferred away from undesirable situations with other teammates.

23.

Plaintiff's race was a motivating factor for the adverse employment actions taken against her.

24.

Plaintiff asserts a disparate treatment claim pursuant to Title VII.

25.

Plaintiff is entitled to Title VII damages pursuant to, among other statutes, 42 U.S.C. § 2000e-5.

## **COUNT TWO**

Title VII:  Retaliation

26.

Plaintiff repeats and realleges each and every allegation above as it set forth herein in full.

27.

Plaintiff is a member of a class protected by Title VII.

28.

Defendant is a covered employer under Title VII.

29.

Plaintiff engaged in a protected activity when she complained about Robbie Bell to Julian Kemper and when she had a meeting with Bell and Dan Lasoto.

30.

In retaliation for Plaintiff's complaints, Defendant took materially adverse actions against her, including disciplining her, creating a hostile work environment that would have dissuaded a reasonable worker from making complaints of discrimination and harassment, holding her to a higher standard of conduct than white employees, refusing her transfer request, and taking disparate adverse actions against her.

31.

Plaintiff's protected activity under Title VII was a motivating factor for the adverse employment action taken against her.

32.

Plaintiff asserts a retaliation claim pursuant to Title VII.

33.

Plaintiff is entitled to Title VII damages pursuant to, among other statutes, 42 U.S.C. § 2000e-5.

**COUNT THREE**

Title VII:  Hostile Work Environment

34.

Plaintiff repeats and realleges each and every allegation above as it set forth herein in full.

35.

Plaintiff was discriminated against and harassed based on her race by General Mills' supervisors and coworkers, including Robbie Bell and Dan Lasoto.

36.

The discriminatory statements, threats, and conduct were unwelcome, sufficiently severe or pervasive, detrimentally affected Plaintiff, were viewed as subjectively hostile and abusive by Plaintiff, and would be viewed as objectively hostile and abusive to a reasonable person.

37.

Plaintiff complained about this discrimination and harassment, and General Mills had actual or constructive knowledge of the ongoing discrimination and/or the harassing conduct was undertaken by and/or condoned by General Mills employees in management roles.

38.

Defendant failed to take prompt and appropriate remedial action to prevent or correct further discrimination and harassment of Plaintiff.

39.

Plaintiff asserts a hostile work environment claim pursuant to Title VII.

## **COUNT FOUR**

42 U.S.C. § 1981:  Race Discrimination

40.

Plaintiff repeats and realleges each and every allegation above as it set forth herein in full.

41.

Pursuant to the Civil Rights Act of 1866 –

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts . . . and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

42 U.S.C. § 1981(a).  This provision applies to nongovernmental discrimination. *Id.* at § 1981(c).

42.

General Mills has knowingly allowed white supervisors and decision makers who are members of a fraternal white supremacist organization, "the Good Ole Boys," to operate the Covington facility in a manner that systematically deprives Black employees the equal benefits of employment enjoyed by white employees on the basis of race and the color of their skin.

43.

The Good Ole Boys' actions and omissions that amount to the systematic deprivation of the full rights of employment to Black employees have created a racially hostile work environment that have altered the terms, conditions, or privileges of employment because of race.

44.

The Good Ole Boys include, among others, Dan Lasoto, who, upon information and belief, prevented Plaintiff's transfer away from the situation with the temp employee and terminated her for a false and unsubstantiated reason.

45.

Due to the discriminatory practices of Defendant, Black employees' attempts to advance in the company are futile if they in any way oppose racially discriminatory acts or omissions by management or HR at the Covington facility.

46.

Plaintiff asserts a disparate treatment claim pursuant to 42 U.S.C. § 1981.

47.

The actions by General Mills described in this Count amount to an ongoing and continuous violation of the Civil Rights Act of 1866, 42 U.S.C. § 1981.

48.

Plaintiff is entitled to an award of damages against Defendant in an amount equal to all monetary and non-monetary losses she suffered.

## COUNT FIVE

42 U.S.C. § 1981:  Retaliation

49.

Plaintiff repeats and realleges each and every allegation above as it set forth herein in full.

50.

Plaintiff engaged in protected activity when she complained about Robbie Bell to Julian Kemper and when she had a meeting with Robbie Bell and Dan Lasoto.

51.

In retaliation for Plaintiff's complaints, Defendant took materially adverse actions against her, including not permitting a transfer away from the temp employee, not granting her promotions in a timely manner, and not giving Plaintiff training and equipment needed for her position.

52.

Plaintiff asserts a retaliation claim pursuant to 42 U.S.C. § 1981.

### COUNT SIX

### 42 U.S.C. § 1981: Hostile Work Environment

53.

Plaintiff repeats and realleges each and every allegation above as it set forth herein in full.

54.

Plaintiff was discriminated against and harassed based on her race by General Mills' supervisors and coworkers, including Robbie Bell and Dan Lasoto.

13

55.

The supervisors' discriminatory statements, threats, and conduct were unwelcome, sufficiently severe or pervasive, detrimentally affected Plaintiff, were viewed as subjectively hostile and abusive by Plaintiff, and would be viewed as objectively hostile and abusive to a reasonable person.

56.

Plaintiff complained about this discrimination and harassment, and General Mills had actual or constructive knowledge of the ongoing discriminations and/or the harassing conduct was undertaken by and/or condoned by General Mills employees in management roles.

57.

Defendant failed to take prompt and appropriate remedial action to prevent or correct further discrimination and harassment of Plaintiff.

58.

Plaintiff asserts a hostile work environment claim pursuant to 42 U.S.C. § 1981.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands a TRIAL BY JURY and the following relief:

(a) Declaratory judgment that the systemic pattern and practice of racially hostile and discriminatory employment practices that, over 30 years, made advancement at the Covington facility futile and caused catastrophic harm to Plaintiff's career in violation of his Title VII rights;

(b) Temporary and permanent injunctive relief, along with this Court's oversight for a reasonable duration, disbanding the Good Ole Boys, holding racist decisionmakers accountable, and implementing lawful employment practices that give Black employees the full benefit of employment at General Mills;

(c) Full amount of financial losses caused to Plaintiff as a result of the racist and otherwise unlawful employment practices at the Covington facility;

(d) Reinstatement of Plaintiff;

(e) Compensatory damages in an amount to be determined by the enlightened conscience of the jury for Plaintiff's emotional distress,

   suffering, inconvenience, mental anguish, loss of enjoyment of life, and special damages;

(f)  Award of costs and expenses of this action, together with reasonable attorney and expert fees;

(g)  Punitive damages in an amount to be determined by the enlightened conscience of the jury sufficient to punish Defendant for its conduct toward Plaintiff and deter Defendant from similar conduct in the future;

(h)  Judgment against Defendant for damages incurred by Plaintiff;

(i)  Judgment against Defendant in an amount to fully and adequately compensate Plaintiff;

(j)  An award of pre-judgment and post-judgment interest;

(k)  A trial by jury on all issues triable to a jury; and

(l)  Other and further relief as the Court deems just and proper.

Respectfully submitted this 29th day of December 2024.

        By:    /s/ Douglas H. Dean
                Georgia Bar No. 130988
                Attorney for Plaintiff
                Dean Thaxton, LLC
                601 E. 14th Avenue (31015)
                Post Office Box 5005
                Cordele, Georgia 31010
                T:  (229) 271-9323
                F:  (229) 271-9324
                E:  *doug@deanthaxton.law*

        By:    /s/ Linda G. Carpenter
                Georgia Bar No. 111285
                Attorney for Plaintiff
                The Brosnahan Law Firm
                31 Lenox Pointe, NE
                Atlanta, GA 30324
                T:  (404) 853-8964
                F:  (678) 904-6391
                E:  *lgc@brosnahan-law.com*